## SETTLEMENT AGREEMENT

This settlement agreement (the "Agreement") is made and entered into as of the last date set forth on the signature pages below, by and between NICOLE TESTA MEHDIPOUR, solely in her capacity as Chapter 7 Trustee of the bankruptcy estate of Bathrooms Plus, Inc. (the "Debtor"), and ZEPHYR AIRCRAFT ENGINES, INC. ("Zephyr" and, together with the Chapter 7 Trustee, the "Parties" or, individually, a "Party"). The Parties hereby agree as follows:

## RECITALS

WHEREAS, on January 31, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (the "Bankruptcy Case"); and

WHEREAS, NICOLE TESTA MEHDIPOUR is the Chapter 7 Trustee is the duly appointed Chapter 7 Trustee in the Bankruptcy Case (the "Chapter 7 Trustee"); and

WHEREAS, on April 1, 2022, the Chapter 7 Trustee filed an adversary proceeding against Zephyr, initiating Adv. Case No. 22-01134-MAM (the "Adversary Proceeding"); and

WHEREAS, the Parties have engaged in settlement discussions concerning the claims alleged in, and likely defenses relating to, the Adversary Proceeding; and

WHEREAS, the Parties are willing to enter into this Agreement to resolve finally the matters settled herein, among other reasons, to avoid the attendant expense, risk, difficulties, delays, and uncertainties of litigation.

## SETTLEMENT TERMS

NOW, THEREFORE, in consideration of the releases and promises set forth below, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Recitals.** The Parties acknowledge and agree that the recitals set forth above are true, are incorporated by reference and are explicitly made part of this Agreement.

2. **Payment by Zephyr.** In full and final settlement of the Adversary Proceeding, Zephyr will pay the Chapter 7 Trustee the total sum of $12,000.00 (the "Settlement Payment"), payable within ten (10) days after the Court enters an order approving this Agreement. The Settlement Payment shall be made via a certified check, made payable to Nicole Testa Mehdipour, Chapter 7 Trustee of the bankruptcy estate of Bathrooms Plus, Inc., or by wire transfer of immediately available funds to an account designated in writing by the Chapter 7 Trustee or Chapter 7 Trustee's counsel.

3. **Binding Upon Effective Date.** Upon receipt of the Settlement Payment by Chapter 7 Trustee, this Agreement shall become effective and binding upon the Parties (the "Settlement Effective Date"). If the Settlement Effective Date does not occur, this Settlement Agreement shall

be deemed null and void and of no force or effect.

4. **General Release and Waiver of Parties.** Exclusive of the obligations, requirements, and duties expressly set forth in this Agreement, the Chapter 7 Trustee, solely in her capacity as Chapter 7 Trustee of the bankruptcy estate of Bathrooms Plus, Inc., and Zephyr for themselves, their agents, officers, directors, legal representatives, attorneys, subsidiaries, affiliates, successors, heirs, and assigns, fully and unconditionally waive, release, remise, and forever discharge each other from all known and unknown claims or causes of action, suits, debts, sums of money, accounts, covenants, bonds, obligations set forth in contracts, controversies, obligations set forth in agreements, promises, damages, expenses (including attorneys' fees and costs), claims and demands whatsoever, both in law and in equity ever had, now has, or may have against each other by reason of any matter, cause or thing whatsoever, from the beginning of time to the date of this Agreement arising out of or in any way relating to the Bankruptcy Case or the Adversary Proceeding; *provided, however*, that (i) this release shall not constitute or be deemed to constitute a release or waiver of any of the rights obtained by, or any of the obligations imposed upon, the Parties pursuant to this Agreement; (ii) the Chapter 7 Trustee's release of Zephyr pursuant to this provision shall not be effective unless and until Zephyr timely pays the Settlement Payment to the Chapter 7 Trustee; and (iii) this release shall not constitute or be deemed to constitute a release or waiver of any rights against any third parties.

5. **Best Efforts.** The Parties and their counsel shall use their best efforts to effectuate the settlement of the stated terms and conditions set forth herein.

6. **Jurisdiction.** The Parties expressly agree that the Court in which the Bankruptcy Case was filed shall retain exclusive jurisdiction for the purposes of enforcing the terms of this Agreement. The Parties hereby consent to the Bankruptcy Court's entry of a final order with respect to any such dispute.

7. **Good Faith.** These settlement negotiations have been undertaken by the Parties in good faith and for settlement purposes only, and neither this Agreement nor any evidence of negotiations hereunder, shall be offered or received in evidence in any action or proceeding for any purpose, other than in an action or proceeding to enforce this Agreement.

8. **No Admission of Liability.** Each Party enters into this Agreement without admitting any liability or conceding any allegations not already expressly admitted. This Agreement and its provisions shall not be offered or received in evidence in any action or proceeding as an admission or concession of liability or wrongdoing of any nature on the part of any Party except that it may be offered and received in evidence solely to enforce this Agreement.

9. **Entirety of Agreement.** This Agreement, including any exhibits, annexes and/or schedules hereto, constitutes the entire agreement between and among the Parties concerning the subject matter of this Agreement and supersedes all prior negotiations, agreements, and understandings, whether written or oral, between and among the Parties concerning the subject matter of this Agreement. Each of the Parties hereto acknowledges that it is executing this Agreement without reliance on any representations, warranties, or commitments other than those representations, warranties and commitments expressly set forth in this Agreement.

10. **Dismissal of Adversary Proceeding.** Subject to the occurrence of the Settlement Effective Date, the Chapter 7 Trustee shall voluntarily dismiss the Adversary Proceeding with prejudice.

11. **Amendments or Modifications.** No amendment, change or modification of any of the terms, provisions or conditions of this Agreement shall be effective unless made in writing and signed by the Party against whom such amendment, change or modification is sought to be enforced. Waiver of any provision of this Agreement shall not be deemed a waiver of future compliance therewith and such provisions shall remain in full force and effect.

12. **Fees and Expenses.** Each Party shall be responsible for its own fees and expenses in connection with the Adversary Proceeding, including attorney fees and expenses in connection with the settlement described in this Agreement.

13. **Divisions and Headings.** The division of this Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Agreement.

14. **Choice of Law.** The validity, construction, and enforceability of this Agreement shall be governed and controlled by the application of the laws of the State of Florida.

15. **Severability of Provisions.** If any provision of this Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions of this Agreement shall not be impaired thereby.

16. **No Effect.** If the Bankruptcy Court does not approve this Agreement, then the Agreement shall be of no further force or effect, and the Parties shall be restored to their rights as they existed prior to the execution of this Agreement.

17. **Breach of this Agreement.** If any Party breaches this Agreement by failing to fulfill any of their respective obligations, the non-breaching Party will have the right to sue the breaching Party for damages incurred as a result of a breach of this Agreement. In any action relating to any breach of this Agreement, the Agreement may be asserted both as a defense and as a counterclaim or crossclaim.

18. **Expenses for Enforcement.** To the extent allowed by the documents and applicable law, if any action or proceeding is brought to enforce or interpret this Agreement, the prevailing Party, in addition to all other legal or equitable remedies possessed, shall be entitled to be reimbursed for all costs and expenses, including reasonable attorneys' fees incurred by reason of such action or proceeding.

19. **Successors and Assigns.** This Agreement will be binding upon and inure to the benefit of the parties hereto and their respective permitted successors, assigns, heirs, devisees, executors, administrators, affiliates, representatives, assigns, officers, agents, and employees wherever the context requires, or admits.

20. **Construction of Agreement.** This Agreement is the product of negotiations between the Parties, and the enforcement or interpretation of this Agreement is to be interpreted in a neutral manner; and any presumption with regard to interpretation for or against any Party by reason of that Party (or its counsel) having drafted or caused to be drafted this Agreement or any portion of this Agreement, shall not be effective in regard to the interpretation of this Agreement.

21. **Representations and Warranties.** Each Party executing this Agreement represents and warrants that he or she is duly authorized to execute this Agreement, has all requisite power, authority, and approval required to enter into, execute, and deliver this Agreement, including the releases given in this Agreement, has read this Agreement, fully knows and understands its contents, voluntarily executed this Agreement, and has had the opportunity to consult with counsel before executing this Agreement.

22. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be an original and enforceable against any Party who signed it, but all of which together shall constitute one and the same document. A facsimile or scan of a signed copy of the Agreement shall serve as an original executed copy for all purposes.

23. **Agreement to Further Cooperate**. Each Party represents that they will cooperate with each other to fulfill the terms and conditions of this Agreement. The Parties agree to take such additional action, including the execution and delivery of any additional documents, necessary or desirable in the reasonable opinion of any other Party to effectuate the provisions and spirit of this Agreement.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the date(s) set forth below.

NICOLE TESTA MEHDIPOUR, in her
capacity as Chapter 7 Trustee

By: _/s/ Nicole Mehdipour_

Printed Name: _Nicole Testa Mehdipour_

Date: _6/14/2022_


ZEPHYR AIRCRAFT ENGINES, INC.

By: _____

Printed Name: _____

Title: _____

Date: _____

4

20. **Construction of Agreement.** This Agreement is the product of negotiations between the Parties, and the enforcement or interpretation of this Agreement is to be interpreted in a neutral manner; and any presumption with regard to interpretation for or against any Party by reason of that Party (or its counsel) having drafted or caused to be drafted this Agreement or any portion of this Agreement, shall not be effective in regard to the interpretation of this Agreement.

21. **Representations and Warranties.** Each Party executing this Agreement represents and warrants that he or she is duly authorized to execute this Agreement, has all requisite power, authority, and approval required to enter into, execute, and deliver this Agreement, including the releases given in this Agreement, has read this Agreement, fully knows and understands its contents, voluntarily executed this Agreement, and has had the opportunity to consult with counsel before executing this Agreement.

22. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be an original and enforceable against any Party who signed it, but all of which together shall constitute one and the same document. A facsimile or scan of a signed copy of the Agreement shall serve as an original executed copy for all purposes.

23. **Agreement to Further Cooperate**. Each Party represents that they will cooperate with each other to fulfill the terms and conditions of this Agreement. The Parties agree to take such additional action, including the execution and delivery of any additional documents, necessary or desirable in the reasonable opinion of any other Party to effectuate the provisions and spirit of this Agreement.

**IN WITNESS WHEREOF**, the Parties have executed this Agreement as of the date(s) set forth below.

NICOLE TESTA MEHDIPOUR, in her
capacity as Chapter 7 Trustee

By: _____

Printed Name: _Nicole Testa Mehdipour_

Date: _____

ZEPHYR AIRCRAFT ENGINES, INC.

By: _[signature]_

Printed Name: _John · R. Warren_

Title: _President_

Date: _6-21-2022_

4